18-2541-cv
Zhao v. United States Department of State

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of September, two thousand nineteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                     *Circuit Judges*.

_____

WEN DONG ZHAO,

                     *Plaintiff-Appellant*,

             v.                                              18-2541-cv

UNITED STATES DEPARTMENT OF STATE,

                     *Defendant-Appellee*.

_____

For Appellant:          Wen Dong Zhao, pro se, Flushing, N.Y.

For Appellee:           Joseph A. Marutollo, Varuni Nelson, Rachel G. Balaban, Assistant
                        United States Attorneys, *for* Richard P. Donoghue, United States
                        Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Donnelly, *J*.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiff-Appellant Wen Dong Zhao appeals from the July 24, 2018 judgment of the United States District Court for the Eastern District of New York (Donnelly, *J*.), granting the government's motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Zhao primarily argues that the district court erred in granting the government's motion for summary judgment because (1) the government's search terms in responding to his Freedom of Information Act ("FOIA") request were inadequate, (2) the government's search was inadequate because it should have contacted the United States Ambassador to Thailand and "the Thai lady who received the documents," and (3) the government's search was "too narrow in temporal scope." Appellant's Br. at 8-10. These arguments fail.

We review de novo a district court's grant of summary judgment, "resolving all record ambiguities and drawing all factual inferences in favor of the non-moving party." *ITC Ltd. v. Punchgini, Inc*., 482 F.3d 135, 145 (2d Cir. 2007). In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA. *See* 5 U.S.C. § 552(a)(4)(B). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (footnote omitted). "[A]n agency's search need not be perfect, but rather need only be reasonable." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999).

First, the government submitted the sworn declaration of Eric F. Stein, the Director of the Office of Information Programs and Services of the United States Department of State, who is the official "immediately responsible for responding to [FOIA] requests." App'x at 136. In his declaration, Director Stein describes with reasonable specificity the search the government conducted, including the search terms it employed. In particular, the government searched for variations and iterations of Zhao's name; "Bangkok," where Zhao states he delivered the materials; "Darryl N. Johnson," the United States Ambassador to Thailand at the time Zhao delivered the materials; and "Iraq War." App'x at 140, 143. Zhao argues that the government should have used the search terms "Saddam Hussein" as well as "any of the key words used in the slogan by the United States in the Iraq War." Appellant's Br. at 10. But Zhao requested documents "regarding the Iraq war"; his FOIA request did not mention Saddam Hussein. App'x at 146. Additionally, Zhao's brief does not clarify what he means by "the slogan by the United States in the Iraq War." The government's search terms were reasonable.

Zhao failed to raise his second and third arguments before the district court; accordingly, these arguments are waived. "Although we may exercise discretion to consider waived arguments where necessary to avoid a manifest injustice," we decline to do so here, where Zhao has "proffer[ed] no reason for [his] failure to raise the arguments below." *In re Nortel Networks Corp. Sec. Litig*., 539 F.3d 129, 133 (2d Cir. 2008) (internal quotation marks omitted).

2

We have considered the remainder of Zhao's arguments and find them to be without merit. Accordingly, we hereby AFFIRM the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk